IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THERESA M. HENDERSON                                          PLAINTIFF

vs.                                    Civil No. 6:16-cv-06020

NANCY A. BERRYHILL                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Theresa M. Henderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her DIB application on July 22, 2013.  (Tr. 75).  In this application,

Plaintiff alleges being disabled due to bipolar disorder, post-traumatic stress disorder, agoraphobia,

anxiety, allergies, and arthritis.  (Tr. 241).  Plaintiff alleges an onset date of June 17, 2013.  (Tr. 75).

This application was denied initially and again upon reconsideration.  (Tr. 119-134).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The
transcript pages for this case are referenced by the designation "Tr."

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 92-118).  Thereafter, on October 2, 2014, the ALJ held an administrative hearing on Plaintiff's application.  *Id.*  At this hearing, Plaintiff was present and was represented by Hans Pullen.  *Id.*  Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing.  *Id.*  At this administrative hearing, Plaintiff testified she was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008).  (Tr. 96).  As for her education, Plaintiff testified she had a bachelor's degree in education.  (Tr. 97).

On December 12, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 72-87).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017.  (Tr. 77, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 17, 2013, her alleged onset date.  (Tr. 77, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: PTSD, bipolar disorder, depression, anxiety, and cannabis dependence.  (Tr. 77-78, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 78-80, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 80-85, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

2

claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she should avoid excessive exposure to dust, fumes, or other pulmonary irritants due to her asthma. Mentally, the claimant is limited to work involving simple, routine, repetitive tasks where supervision is simple, direct, and concrete (unskilled work). Furthermore, she can maintain only occasional contact with co-workers and supervisors, and must have no contact with the general public. She cannot work in a team or in collaboration with others.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she was unable to perform any of her PRW. (Tr. 85, Finding 6). The ALJ then determined whether there were other jobs existing in significant numbers in the national economy that she could perform. (Tr. 86, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) linen room attendant (medium, unskilled) with 4,000 such jobs in the region and 47,000 such jobs in the nation; (2) marking clerk (light, unskilled) with 8,000 such jobs in the region and 180,000 such jobs nationwide; and (3) bakery racker (light, unskilled) with 5,000 such jobs in the region and 65,000 such jobs nationwide. *Id.* Because Plaintiff retained the capacity to perform this work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 17, 2013 (alleged onset date) through December 12, 2014 (ALJ's decision date). (Tr. 87, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 51-52). On January 29, 2016, the Appeals Council denied this request for review. (Tr. 1-4). On February 29, 2016, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 18, 2016. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-

14.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 12.  Specifically, Plaintiff raises two claims: (A) the ALJ erred in finding her impairments did not meet the requirements of Listings 12.04, 12.06, and 12.09; and (B) the ALJ erred by placing too much weight upon her brief periods of improvement.  ECF No. 12 at 1-20.  The Court will consider both of these issues.[2]

_____

[2] In her appeal brief, Plaintiff also appears to argue the ALJ did not properly evaluate her physical impairments.  ECF No. 12 at 18-19.  At the administrative hearing in this matter, however, Plaintiff *specifically stated* only her mental impairments were disabling.  (Tr. 105-106).  Thus, the ALJ was under no obligation to investigate her plantar fasciitis, chronic asthma, and other now-alleged physical impairments.  *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v.*

5

### A.    Listings 12.04, 12.06, and 12.09

Plaintiff claims her impairments meet the requirements of Listing 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety), and 12.09 ("Reserved").  ECF No. 12 at 3-15.  Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing.  *See Cox,* 160 F.3d at 1206.  Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of any of these Listings.

Indeed, both Listings 12.04 and 12.06 provide a list of specific criteria that must be met in order for Plaintiff to be considered to be disabled.[3]  ECF No. 12 at 3-15.  In her appeal brief, Plaintiff referenced some standards and referenced these listings but provided no *specific demonstration* as to how she met the requirements of those listings.  Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating her impairments meet the requirements of either Listing 12.04 or 12.06.  Thus, the Court will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### B.    Periods of Improvement

Plaintiff claims the ALJ "erred discrediting . . . [her] . . . on the basis of periodic episodes showing some improvement without consideration of her more substantial decomposition."  ECF No. 12 at 16-20.  Specifically, Plaintiff claims the ALJ determined she was not credible because she

---

*Sullivan,* 987 F.2d 1344,1348 (8th Cir. 1993) and holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'")

[3] Further, Listing 12.09 is not a specific listing but is instead a "Reserved" category.  Thus, Plaintiff cannot meet its requirements.

had periods where she did not always display severe psychological problems. *Id.*

Upon review of the ALJ's opinion in this matter, the Court finds Plaintiff's argument is simply without merit. Indeed, the ALJ carefully evaluated Plaintiff's medical records and her testimony to determine whether her mental impairments were as severe as she alleged. (Tr. 80-85). The ALJ did not simply discount her allegations because she had brief periods of improvement. Importantly, the ALJ noted Plaintiff's mental health *improved with therapy*, and her Global Assessment of Functioning ("GAF") score increased to 60 ("moderate symptoms") from 50 ("severe symptoms") after treatment. (Tr. 85). The ALJ also recognized her psychological examiner found Plaintiff to be a malingerer and "did not believe her condition was as severe as alleged and did not diagnose PTSD." (Tr. 83). Thus, the Court cannot find the ALJ discounted her allegedly disabling mental impairments simply because she had a few "good days."

## 4.   Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE